# SECTION 362 COVER SHEET

DEBTOR: Dorie D Jansuy

BANKRUPTCY NO. 10-14137-mkn

MOVANT: HSBC Bank USA, National Association, as Trustee        CHAPTER: 7

---

Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirement of LR 4001(a)(2), the subject property has been identified as being surrendered in the plan and/or schedules, or an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: 4/22/2010        Signature: /s/ Christopher K. Lezak, Esq. Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION: 4362 Caliente Street Unit #1, Las Vegas, NV 89119

NOTICE SERVED ON: Debtor: Dorie D Jansuy; Debtor's counsel, Andrew J. Driggs; Trustee, Lenard E. Schwartzer.

DATE OF SERVICE:

| MOVING PARTY'S CONTENTIONS: | | | DEBTOR'S CONTENTIONS: |
|---|---|---|---|
| The EXTENT and PRIORITY OF LIENS: | | | |
| 1st  HSBC Bank USA, National Association, as Trustee | $ | 155,164.90 | The EXTENT and PRIORITY OF LIENS: |
| 2nd  JP Morgan Chase Bank | $ | 39,000.00 | 1st |
| 3rd | $ | | 2nd |
| 4th | $ | | 3rd |
| | | | Other |
| Total Encumbrances: | $ | 194,164.90 | Total Encumbrances: |
| APPRAISAL or OPINION as to VALUE: | $ | 60,000.00 | APPRAISAL or OPINION as to VALUE: |

| TERMS OF MOVANT'S CONTRACT with the DEBTOR | OFFER OF "ADEQUATE PROTECTION" for MOVANT: |
|---|---|
| Amount of Note:          $136,000.00<br>Interest Rate:                8.5%<br>Duration:                      30 Years<br>Payment per month:   $1,037.72<br>Date of Default :          02/01/09<br>Amount of Arrears:     $19,164.91<br>Recording NOD:          NOS:<br>SPECIAL CIRCUMSTANCES:  Debtor intends to surrender the property. There is no equity in the property for the debtor.<br><br>Submitted by:   Christopher K. Lezak<br><br>Signature:   /s/ Christopher K. Lezak | <br><br><br><br>SPECIAL CIRCUMSTANCES:<br><br><br><br>Submitted by:<br><br>Signature: |

FORM 362/10/95

INSTRUCTIONS
for Section 362 Cover Sheet

To expedite the hearing of Section 362 motions for relief from the automatic stay, the moving party shall complete and file with the motion a copy of this Cover Sheet. The Cover Sheet requires a statement of the nature and extent of the liens on the Debtor's property at issue. The movant must show at least the status of the issue. The movant must show at least the status of the movant's lien and any senior liens. At the Court's discretion, the motion may be denied if this exhibit has not been completed and filed, unless the information is not applicable (such as for motions to lift stay to allow pending litigation to proceed).

This Cover Sheet shall be attached to the front of the motion and a copy served on the debtor. The debtor shall indicate disagreement on the right of the Cover Sheet. The debtor shall file the completed Cover Sheet to the Debtor's formal response or opposition to the motion.

Special circumstances that would compel the granting or denial of the requested relief shall be set forth briefly on the bottom of this Cover Sheet and shall be explained more fully in the motion or response.

NOTICING REQUIREMENTS

The Court will not hear motions not properly noticed. Unless the Court otherwise orders, twenty-eight (28) days notice of all motions for relief from the automatic stay must be served on the Debtor, the Debtor' attorney and, where applicable, the Chapter 7 trustee, the Chapter 13 standing trustee, or the Chapter 11 trustee. See Bankruptcy Rules 4001, 9014, and 7004, and the Local Rules of Practice for the District of Nevada, LR 4001, and LR 9013.

| | |
|---|---|
| Kristin A. Schuler-Hintz, Esq., SBN 7171<br>Christopher K. Lezak, Esq., SBN 11185<br>McCarthy & Holthus, LLP<br>9510 West Sahara Avenue, Suite 110<br>Las Vegas, NV 89117<br>Phone (702) 685-0329 ext 3748<br>Fax (866) 339-5691<br>NVBK@McCarthyHolthus.com | E-filed: 4/22/2010 |

Attorney for Secured Creditor,
HSBC Bank USA, National Association, as Trustee for NAAC Mortgage Pass-Through Certificates, Series 2007-1, its assignees and/or successors and the servicing agent AMERICAS SERVICING COMPANY

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Dorie D Jansuy,<br><br>　　　　Debtor. | ) Case No. 10-14137-MKN<br>)<br>) Chapter  7<br>)<br>) **HSBC BANK USA, NATIONAL**<br>) **ASSOCIATION, AS TRUSTEE FOR**<br>) **NAAC MORTGAGE PASS-THROUGH**<br>) **CERTIFICATES, SERIES 2007-1'S**<br>) **MOTION FOR RELIEF FROM**<br>) **AUTOMATIC STAY**<br>)<br>) HEARING:<br>) DATE:    05/26/10<br>) TIME:    01:30 pm<br>) CTRM:    2<br>) PLACE:  300 Las Vegas Boulevard South<br>)               Las Vegas, NV 89101 |

**HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NAAC MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1**, its assignees and/or successors in interest ("Secured Creditor" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may, enforce its rights under

1

*Revised 12/09*　　　　　　　　　　　　　　10-14137-mkn; M&H File No. NV-10-25494
　　　　　　　　　　　　　　　　　　　　　　Motion for Relief From Automatic Stay

1  applicable state law, or at its election, seek to modify the loan, relative to the Note and Deed of
2  Trust secured by the Debtor's property, commonly known as 4362 Caliente Street Unit #1, Las
3  Vegas, NV 89119 ("Property" herein).

4  Secured Creditor is the payee of a Promissory Note dated 12/26/2006, in the principal
5  amount of $136,000.00, which is secured by the Deed of Trust of the same date. **See Exhibit**
6  **"1"**.

7  The current market value of the Debtor's subject Property is $60,000.00, based upon the
8  Debtor's own value as set forth in Schedule A.  **See Exhibit "2"**.

9  The property is further encumbered by a Second Trust Deed in favor of JP Morgan Chase
10 Bank, in the approximate amount of $39,000.00, as set forth in Debtor's Schedule D. **See Exhibit**
11 **"3"**.

12 Based upon Secured Creditors past practices, it is expected that the cost of sale of the
13 property will be at least eight to ten percent of the value of the property. In the present case, the
14 Debtor has no equity in the Property, as evidenced by the approximate market value compared to
15 the total liens against the Property, principally that of Secured Creditor herein and the other liens
16 as noted in this Motion.

| | |
|---|---|
| Value | $ 60,000.00 |
| Total Liens to Secured Creditor | $ 155,164.90 |
| Junior Liens | $ 39,000.00 |
| Equity | $ (134,164.90) |

21 Debtor intends to **surrender** the subject property, as set forth in Debtor's Statement of
22 Intention. **See Exhibit "4"**.

23 Based on the foregoing, Secured Creditor alleges that there is no equity in the subject
24 property, the subject property is not necessary for an effective reorganization, and Secured
25 Creditor is not adequately protected.

26 Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from
27 proceeding with the foreclosure of the subject Property. The Debtor is in substantial default with
28 post-petition payments.  Accordingly, relief from the automatic stay should be granted to
29 Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

1  The Debtor filed this subject bankruptcy petition on 03/15/10.

Pursuant to the terms of the Deed of Trust, a payment received is applied to the account and credited to the next due payment. For example, a payment received in December will be applied to the November payment if no payment had been received in November.

With respect to Secured Creditor's Deed of Trust, the following is now due:

| | | |
|---|---:|---:|
| Unpaid Principal Balance: | $ | 135,999.99 |
| **DELINQUENCIES** | | |
| Monthly Payments:     10     at     $1,041.86 (02/01/09 through 11/01/09) | $ | 10,418.60 |
| Monthly Payments:     5     at     $1,037.72 (12/01/09 through 04/01/10) | $ | 5,188.60 |
| Late Charges: | $ | 674.38 |
| Property Inspections: | $ | 105.00 |
| Corporate Advances: | $ | 1,978.33 |
| Bankruptcy Attorney Fee: | $ | 650.00 |
| Bankruptcy Filing Fee: | $ | 150.00 |
| **Total Delinquencies:** | **$** | **19,164.91** |
| **Total Principal Balance and Delinquencies Due:** | **$** | **155,164.90** |

The next scheduled monthly payment is due May 1, 2010, and continuing each month thereafter. Late charges will accrue if payment is not received by the 15th of the month when due.

A Notice of Default was recorded against the Property on 9/9/08, with the notice of sale originally recorded on 12/11/08.

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to pursue their rights under applicable State and Federal Law to recover the property or to modify the loan.

2. For an Order permitting Movant, at its option, to offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law, said agreement would be non-recourse unless included in a reaffirmation agreement, and permitting Movant to

3

*Revised 12/09*  10-14137-mkn; M&H File No. NV-10-25494
Motion for Relief From Automatic Stay

1. contact the Debtor via telephone or written correspondence to offer such an agreement.

2. 3. For an Order that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. 4. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

4. 5. For attorneys' fees and costs incurred herein.

5. 6. For such other relief as the Court deems proper.

Dated: April 22, 2010                McCarthy & Holthus, LLP


By: /s/ Christopher K. Lezak
    Christopher K. Lezak, Esq.
    Kristin A. Schuler-Hintz, Esq.
    Attorney for Secured Creditor
    HSBC Bank USA, National Association, as Trustee for NAAC Mortgage Pass-Through Certificates, Series 2007-1

4